**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-184T
Filed October 7, 2015

**FILED**

**OCT - 7 2015**

**U.S. COURT OF
FEDERAL CLAIMS**

|  |  |  |
|---|---|---|
| KEITH GOINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | *Pro Se*; Rule 12(b)(1), Subject-Matter |
| | ) | Jurisdiction; Tax Refund Claim, 26 U.S.C. |
| THE UNITED STATES, | ) | § 6532, 26 U.S.C. § 7422(a); *In Forma* |
| | ) | *Pauperis*. |
| Defendant. | ) | |
| | ) | |

*Keith Goines*, Oxon Hill, M.D., plaintiff *pro se*.

*Courtney M. Hutson*, Trial Attorney, *Caroline D. Ciraolo*, Acting Assistant Attorney General, *David I. Pincus*, Chief, Tax Division, Court of Federal Claims Section, United States Department of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

GRIGGSBY, Judge

## I.    INTRODUCTION

*Pro se* plaintiff, Keith Goines, brought this action to recover federal income taxes that he alleges are due him in connection with his income tax returns for the years 2012 and 2014.  The government has moved to dismiss the complaint for lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC").  In addition, plaintiff has filed a motion to proceed in this matter *in forma pauperis*.  For the reasons set forth below, the Court **GRANTS** defendant's motion to dismiss and **GRANTS** plaintiff's motion to proceed *in forma pauperis*.

## II.    FACTUAL AND PROCEDURAL BACKGROUND[1]

### A. Factual Background

*Pro se* plaintiff, Keith Goines, commenced this federal income tax refund action on February 26, 2015. *See generally* Compl.  In his complaint, plaintiff seeks a refund of certain federal income taxes that he allegedly paid to the Internal Revenue Service ("IRS") during tax years 2012 and 2014, as well as other monetary relief. *Id.*; *see also* Pl. Opp. at 1-2.[2]  Specifically, plaintiff alleges that "[t]he IRS is keeping [plaintiff's] 2014 taxes for monies owed for 2012 no letter of determination was mailed for both years." Compl. at 1.  Plaintiff further alleges the IRS's decision to retain these funds violates both the United States Constitution and the USA PATRIOT Act. *Id.*

#### 1.    Tax Year 2012

Plaintiff filed his 2012 federal income tax return on or about February 18, 2013. Def. Ex. 1 at 2 (Plaintiff's 2012 tax return).  In his 2012 tax return, plaintiff claimed various child and dependent care credits, as well as the standard deduction for a head of household filing status. Def. Mot. at 2; Def. Ex. 1 at 2.  Plaintiff's 2012 tax return also claimed a tax refund in the amount of $5,814.00.  Def. Mot. at 3; Def. Ex. 1 at 2.

On June 24, 2013, the IRS sent a statutory notice of deficiency for the 2012 tax year to plaintiff, *via* certified mail, to the mailing address shown on plaintiff's 2012 tax return.  Def. Mot. at 3; Def. Ex. 2 at 2-3.  In the notice, the IRS alerted plaintiff to the fact that the IRS had

[1] The facts recited in this Memorandum Opinion and Order are taken from plaintiff's complaint ("Compl. at __"); defendant's motion to dismiss ("Def. Mot. at __"); defendant's exhibits attached to the motion to dismiss ("Def. Ex. at __"); plaintiff's opposition thereto ("Pl. Opp. at __"); and defendant's reply ("Def. Reply at __").  Except where otherwise noted, the facts recited here are undisputed.

[2] Plaintiff's complaint is handwritten and difficult to discern.  In his response to the government's motion to dismiss, plaintiff states that he is seeking to recover $16,000.00 from the IRS.  Pl. Opp. at 2.  It is unclear how plaintiff arrives at this figure.  But, in his response and opposition to defendant's motion to dismiss, plaintiff claims that he is owed a tax refund in the amount of $7,491.00 for the 2012 tax year and $5,562.30 for the 2014 tax year.  Pl. Opp. at 1.  A review of the additional documentation regarding plaintiff's tax refund claims provided in the exhibits to the government's motion to dismiss also show that plaintiff requested a tax refund of $5,814.00 for the 2012 tax year and a tax refund of $5,328.00 for the 2014 tax year.  Def. Ex. 1 at 2; Def. Ex. 6 at 2.  In addition, plaintiff seeks to recover $3,500.00 for state income taxes that he alleges he owes to the State of Maryland, as well as $1,000.00 to satisfy a past due balance owed to H & R Block.  Pl Opp. at 2-3.

determined that plaintiff was not entitled to claim a head of household filing status, or to claim child and dependent care credits. *Id.* The notice also provided that plaintiff could contest the IRS's determination regarding his 2012 tax return by filing a petition with the United States Tax Court within 90 days of the date of the notice, as prescribed by 26 U.S.C. § 6213(a). *Id.* The notice further provided that the amount of the deficiency for plaintiff's 2012 taxes was $7,491.00. *Id.* at 4. And so, the IRS retained plaintiff's 2012 tax refund in the amount of $5,807.00, resulting in a remaining and outstanding balance for unpaid taxes for the 2012 tax year in the amount of $1,684.00. *Id.* at 5.

Plaintiff did not file a petition in Tax Court contesting the IRS's notice of deficiency within 90-days of the issuance of the notice. Def. Ex. 3 at 1-3; Def. Mot. at 3. And so, on November 25, 2013, the IRS assessed a tax against plaintiff in the amount of $1,684.00, plus interest in the amount of $31.29. *Id.*

Plaintiff filed an amended tax return, Form 1040X, for the 2012 tax year on November 25, 2013. Def. Ex. 4. In his amended return, plaintiff claimed a tax refund in the amount of $5,814.00. *Id.*

On August 4, 2014, plaintiff filed a petition with the Tax Court regarding his 2012 tax refund claim. *See Goines v. United States,* No. 18198-14, slip. op. at 1. (T.C. Dec. 30, 2014); Def. Ex. 5. In that proceeding, plaintiff argued that he did not receive the IRS's notice of deficiency for his 2012 tax returns. *Id.* at 2. The Tax Court found, however, that the IRS properly mailed the notice to plaintiff's last known address and that the notice of deficiency was, therefore, sufficient. *Id.* And so, on December 30, 2014, the Tax Court dismissed plaintiff's petition for lack of jurisdiction upon the grounds that the petition was untimely under 26 U.S.C. § 6213(a). *Id.* at 1-3.

On February 23, 2015, the IRS transferred an overpayment credit in the amount of $81.00 from the 2014 tax year to partially satisfy plaintiff's outstanding tax liability for the 2012 tax year. Def. Ex. 3 at 2. And so, according to the IRS, plaintiff's remaining outstanding federal income tax liability for the 2012 tax year is $1,634.29. *Id.* at 4.

### 2.    Tax Year 2014

Plaintiff alleges that he filed his 2014 tax return with the IRS on January 27, 2015.[3] Pl. Opp. at 2. In his 2014 tax return, plaintiff claimed a tax refund in the amount of $5,328.00. Def. Ex. 6 at 2 (Plaintiff's 2014 tax return). As discussed above, the IRS transferred an overpayment credit in the amount of $81.00 from plaintiff's 2014 tax refund to partially satisfy plaintiff's outstanding tax liability for the 2012 tax year. Def. Ex. 3 at 2; Def. Ex. 7 at 1. The IRS has taken no further action with respect to plaintiff's 2014 tax return. *Id.*

### 3.    Tax Year 2015

Plaintiff does not allege that he has filed a tax return for the 2015 tax year, or that he has filed a tax refund claim for the 2015 tax year. *See generally* Compl. The IRS has no record of a tax refund claim by plaintiff for the 2015 tax year. Def. Ex. 8.

### B. Procedural Background

On February 26, 2015, plaintiff filed a complaint in this matter seeking to recover a refund of his federal income taxes for tax years 2012 and 2014 and other monetary relief. *See generally* Compl. On that same date, plaintiff also filed a motion to proceed *in forma pauperis*, alleging that he lacks the financial means to pay the Court's filing fee. *See generally* Pl. Mot. to Proceed *In Forma Pauperis*.

On May 27, 2015, defendant filed a motion to dismiss plaintiff's complaint for lack of subject-matter jurisdiction, pursuant to RCFC 12(b)(1). *See generally* Def. Mot. On June 29, 2015, plaintiff filed a response and opposition to defendant's motion to dismiss. *See generally* Pl. Opp. Defendant subsequently filed a reply in support of its motion to dismiss on July 16, 2015. *See generally* Def. Reply. The matter having been fully briefed, the Court addresses defendant's pending motion to dismiss.

## III.   LEGAL STANDARDS

### A. Pro Se Litigants

Plaintiff is proceeding in this matter *pro se*. The Court recognizes that parties proceeding *pro se* are granted greater leeway than litigants represented by counsel. *See Haines v. Kerner*,

---

[3] The government maintains that plaintiff filed his 2014 tax return on February 16, 2015. Def. Mot. at 4.

404 U.S. 519, 520-21 (1972) (holding that *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers"). Nonetheless, "[w]hile a court should be receptive to *pro se* plaintiffs and assist them, justice is ill-served when a jurist crosses the line from finder of fact to advocate." *Demes v. United States*, 52 Fed. Cl. 365, 369 (2002). And so, while the Court may excuse ambiguities in plaintiff's complaint, the Court does not excuse the complaint's failures. *See Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

In addition, this Court has long recognized that "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007). For this reason, the *pro se* plaintiff—like any other plaintiff—must establish the Court's jurisdiction to consider his claim by a preponderance of the evidence. *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010).

### B. Rule 12(b)(1)

When deciding a motion to dismiss for lack of subject-matter jurisdiction, this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); RCFC 12(b)(1). Plaintiff bears the burden of establishing subject-matter jurisdiction, and must do so by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). And so, should the Court determine that "it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006).

In this regard, the United States Court of Federal Claims is a court of limited jurisdiction and "possess[es] only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In particular, the Tucker Act grants the Court jurisdiction over:

> [A]ny claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2012). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the

substantive right exists." *United States v. Testan,* 424 U.S. 392, 398 (1976).  And so, to pursue a substantive right against the United States under the Tucker Act, a plaintiff must identify and plead a money-mandating constitutional provision, statute or regulation, or an express or implied contract with the United States.  *Cabral v. United States,* 317 F. App'x 979, 981 (Fed. Cir. 2008).

### C.  Jurisdiction In Tax Refund Cases

With respect to tax refund cases, the Tucker Act authorizes the United States Court of Federal Claims to adjudicate tax refund claims.  *Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002); *see also Ont. Power Generation v. United States*, 369 F.3d 1298, 1301 (Fed. Cir. 2004); *Shore v. United States*, 9 F.3d 1524, 1525 (Fed. Cir. 1993).  But, the Court's jurisdiction to entertain tax refund cases is limited to those situations where the taxpayer has complied with the relevant provisions of the Internal Revenue Code.  *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4 (2008).  In this regard, the applicable requirements in the Internal Revenue Code in this matter are set forth in 26 U.S.C. § 7422(a), which provides as follows:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a).  And so, pursuant to section 7422(a), this Court does not possess jurisdiction to consider a claim to recover any internal revenue tax, unless the taxpayer first files a claim for a tax refund with the IRS pursuant to the agency's regulations.  *Strategic Hous. Fin. Corp. of Travis Cnty. v. United States*, 608 F.3d 1317, 1324 (Fed. Cir. 2010).

In addition, under 26 U.S.C. § 6532(a), a taxpayer must wait six months from the date on which the taxpayer filed a tax refund claim with the IRS before filing suit in this Court.  *See* 26 U.S.C. § 6532(a)(1).  The only exception to this rule, is that the taxpayer may immediately commence suit in this Court if the IRS rejects the taxpayer's tax refund claim.  *Id.*  And so, the Court must dismiss a complaint seeking a tax refund, if the complaint is filed less than six

months after the taxpayer filed a tax refund claim with the IRS, unless the IRS already rejected the claim. *Dumont v. United States*, 345 F. App'x 586, 590 (Fed. Cir. 2009).

Finally, a plaintiff must also abide by the "full payment rule," which requires that a taxpayer fully pay the taxes at issue prior to bringing a suit for a tax refund in this Court. *Flora v. United States*, 357 U.S. 63, 75 (1958); *accord Shore*, 9 F.3d at 1527 ("The Flora full payment rule requires that taxpayers prepay the tax principal before the Court of Federal Claims will have subject matter jurisdiction over their tax refund action . . . ."). And so, the Court does not possess jurisdiction to consider a tax refund claim if a tax deficiency exists. *Id.*

## IV.   DISCUSSION

### A.  The Court Does Not Possess Jurisdiction To Consider Plaintiff's Claim

The government has moved to dismiss plaintiff's complaint for four reasons:  First, the government argues that the Court lacks jurisdiction over plaintiff's 2012 tax refund claim, because plaintiff has not satisfied his tax liability for the 2012 tax year. Def. Mot. at 6-7. Second, the government argues that plaintiff's tax refund claim for 2014 is also jurisdictionally barred, because plaintiff filed this claim less than six months after filing his 2014 tax return. *Id.* at 7-8. The government further contends that plaintiff's tax refund claim for the 2015 tax year is jurisdictionally barred, because plaintiff did not file a tax refund claim with the IRS before bringing this action. *Id.* at 8. Lastly, the government contends that the Court also lacks subject-matter jurisdiction to consider the remainder of plaintiff's claims for monetary relief, because plaintiff has not identified a money-mandating statute or other source of law to invoke the Court's jurisdiction with respect to these claims. *Id.* at 9.

For the reasons discussed below, the Court agrees. And so, the Court must dismiss plaintiff's complaint for lack of subject-matter jurisdiction. RCFC 12(b)(1).

### 1.      Plaintiff's 2012 Tax Refund Claim Is Jurisdictionally Barred

As an initial matter, plaintiff's tax refund claim for the 2012 tax year is jurisdictionally barred because he has not satisfied the outstanding tax liability for that tax year. It is well established that a taxpayer must pay all outstanding tax liabilities for a particular tax year before bringing a claim to recover a tax refund. *Flora*, 357 U.S. at 72-73. A Certificate of Assessments and Payments is sufficient evidence to indicate whether a plaintiff has satisfied this jurisdictional

requirement. *Rocovich v. United States*, 933 F.2d 991, 994 (Fed. Cir. 1991). And so, the Court does not have jurisdiction over a tax refund claim if a Certificate of Assessments and Payments shows that full payment of the assessed tax has not been made by the date plaintiff filed the complaint. *Id.*

In this case, the Certificate of Assessments and Payments for plaintiff's 2012 tax returns shows that plaintiff has an outstanding balance of $1,634.29 in taxes owed for the 2012 tax year. Def. Ex. 3 at 4. Plaintiff does not dispute that he has not satisfied this outstanding balance. *See generally* Compl.; Pl. Opp. And so, plaintiff has not established that the Court has jurisdiction to consider his 2012 tax refund claim.[4] *Flora*, 357 U.S. at 72-73.

### 2.    Plaintiff's 2014 Tax Refund Claim Is Jurisdictionally Barred

The Court also does not possess jurisdiction to consider plaintiff's tax refund claim for the 2014 tax year because this claim is premature. In this regard, title 26, United States Code, section 6532(a)(1) provides that a taxpayer cannot bring a tax refund suit in this Court less than six months after the date on which the taxpayer filed a tax refund claim with the IRS. 26 U.S.C. § 6532(a)(1) (2012). This statutory six-month waiting period is only waived if the IRS rejects the taxpayer's tax refund claim, in which case the taxpayer may commence suit in this Court without waiting the full six months. *Id.*; *Cherbanaeff v. United States*, 77 Fed. Cl. 490, 498 (2007), *aff'd*, 300 F. App'x 933 (Fed. Cir. 2008). And so, this Court does not have jurisdiction to consider a tax refund claim that has been filed with the IRS less than six months before the filing of the complaint, unless the IRS has previously rendered a decision on that claim. *Pacetti v. United States*, 50 Fed. Cl. 239, 249-50 (2001).

In this matter, plaintiff alleges that he filed his 2014 tax return on January 27, 2015. Pl. Opp. at 2. For purposes of resolving the government's motion to dismiss, the Court accepts that plaintiff's 2014 tax return also serves as his claim for a tax refund for the 2014 tax year.

---

[4] It also appears that the Court lacks jurisdiction to consider plaintiff's 2012 tax refund claim because plaintiff did not file a tax refund claim with the IRS, before commencing this action. 26 U.S.C. § 7422; *Strategic Hous.*, 608 F.3d at 1324. Plaintiff's complaint does not allege that plaintiff filed a tax refund claim with the IRS for the 2012 tax year. *See generally* Compl. Rather, it appears that plaintiff is relying upon his 2012 amended tax return to serve as his tax refund claim for the 2012 tax year. *See generally* Compl. For the purpose of resolving the government' motion to dismiss, the Court deems plaintiff's 2012 amended tax return to be plaintiff's tax refund claim for the 2012 tax year.

Plaintiff commenced this action on February 26, 2015, less than six months after filing his 2014 tax return. *See generally* Compl.; 26 U.S.C. § 6532(a)(1). In addition, the IRS has not rendered a decision on plaintiff's claim for a tax refund for the 2014 tax year. Def. Mot. at 8; Def. Ex. 7 at 1. Given this, plaintiff has filed his 2014 tax refund claim too soon. And so, the Court does not possess jurisdiction to consider this claim.[5] 26 U.S.C. § 6532(a)(1); *Pacetti*, 50 Fed. Cl. at 249-50.

### 3.    Plaintiff's 2015 Tax Refund Claim Is Jurisdictionally Barred

Plaintiff's 2015 tax refund claim is also jurisdictionally precluded. As established above, a taxpayer must file a tax refund claim with the IRS before bringing a claim for a tax refund in this Court. 26 U.S.C. § 7422(a). In this case, it is without dispute that plaintiff has not yet filed his tax return for the 2015 tax year. S*ee generally* Compl.; Def. Ex. 8. And so, plaintiff could not have filed a tax refund claim for the 2015 tax year. Def. Mot. at 8. Given this, plaintiff has not satisfied the requirement to file a tax refund claim with the IRS before commencing this action. 26 U.S.C. § 7422(a). And so, the Court does not possess jurisdiction to consider plaintiff's tax refund claim.

### 4.    The Court Also Does Not Have Jurisdiction To Consider Plaintiff's Remaining Claims

To the extent that plaintiff is seeking to recover funds from the government that have not been requested in either his 2012 or 2014 tax returns, his claims are also jurisdictionally barred under the Tucker Act.[6] In his opposition to the government's motion to dismiss, plaintiff alleges that he is seeking $3,500.00 for taxes owed to the State of Maryland. Pl. Opp. at 3. In addition, plaintiff seeks $1,000.00 for funds that he apparently owes to H & R Block for tax services. *Id.*

---

[5] Defendant alleges that plaintiff filed his 2014 tax return on February 16, 2015, a date that is also less than six months before plaintiff commenced this action. Def. Mot. at 4. In addition, it appears that plaintiff has not filed a tax refund claim with the IRS for the 2014 tax year. *See generally* Compl. As discussed above, filing such a claim is a jurisdictional prerequisite for bringing a tax refund claim in this Court. 26 U.S.C. § 7422(a). For the purpose of resolving the government' motion to dismiss, the Court deems plaintiff's 2014 tax return to be plaintiff's tax refund claim for the 2014 tax year.

[6] The government argues in its motion to dismiss that plaintiff's tax refund claims, as well as plaintiff's claims for other monetary relief are jurisdictionally barred because plaintiff has not pointed to a money-mandating source of law to support these claims. Def. Mot. at 8-9. But, the government acknowledges that plaintiff may rely upon 26 U.S.C. § 7422 to bring his tax refund claim, if the Court deems plaintiff's 2012 and 2014 tax returns to be plaintiff's tax refund claims for these tax years. Def. Mot. at 1-2, 9.

Plaintiff also seeks to recover funds for federal income taxes that he has not yet paid for the 2015 tax year. Pl. Compl. at 1.

Plaintiff points to no money-mandating statute or other source of law to confer jurisdiction on this Court to consider these claims. *See generally* Compl.; Pl. Opp. Rather, plaintiff cites generally to the United States Constitution and to the USA PATRIOT Act. But, neither of these legal provisions provide the Court with jurisdiction to entertain plaintiff's claims.

In fact, it is well established that a citation to the Constitution, without any reference to a particular money-mandating provision in the Constitution, is insufficient to establish this Court's jurisdiction. *Fisher*, 402 F.3d at 1173; *Russell v. United States*, 78 Fed. Cl. 281, 285 (2007) ("plaintiff must establish more than the mere existence of a statute or constitutional provision to bring himself within the jurisdiction of this court"). In addition, the USA PATRIOT Act is not money-mandating statute that confers jurisdiction to this Court and that law does not provide the Court with jurisdiction to consider tax refund claims. *See generally* 18 U.S.C. § 2712 (provision of the USA PATRIOT Act dealing with recovery for violations). And so, plaintiff simply fails to meet his burden to show that the Court has jurisdiction to consider his claims for other monetary relief. *Minehan*, 75 Fed. Cl. at 253.

### B. Plaintiff's Motion For Leave To Proceed *In Forma Pauperis* Satisfies The Statutory Requirements

Lastly, plaintiff has filed a motion to proceed *in forma pauperis* in which he requests a waiver of the Court's filing fee because he lacks the financial resources to pay the fee. *See generally* Pl. Mot. to Proceed *In Forma Pauperis*. This Court may authorize commencement of a suit without prepayment of fees when a person submits an affidavit including a statement of all assets, a declaration that he or she is unable to pay the fees, and a statement of the nature of the action and a belief that he or she is entitled to redress. *See* 28 U.S.C. § 1951(a); *see also* 28 U.S.C. § 2503(d). Due to the Court's summary disposition of this case and plaintiff's *pro se* status, the Court finds that plaintiff satisfies the requirements to proceed *in forma pauperis* for the purpose of resolving the government's motion to dismiss. And so, the Court grants plaintiff's motion to proceed *in forma pauperis* for the limited purpose of resolving the government's motion to dismiss.

## V.    CONCLUSION

In sum, the facts in this case show that plaintiff has simply not met his burden to show that the Court possesses jurisdiction to consider his tax refund and other monetary claims.  The Court does not possess jurisdiction to consider plaintiff's 2012 tax refund claim, because plaintiff has not satisfied his tax liability for the 2012 tax year.  In addition, the Court cannot entertain plaintiff's 2014 tax refund claim, because plaintiff filed this claim less than six months after filing his 2014 tax return.  Furthermore, the Court does not possess jurisdiction to consider plaintiff's 2015 tax refund claim, because plaintiff has not yet filed a claim for a tax refund for the 2015 tax year with the IRS.  The remainder of plaintiff's claims for monetary relief are also jurisdictionally barred, because plaintiff has not identified a money-mandating statute or other source of law to invoke the Court's jurisdiction with respect to these claims.

And so, for the foregoing reasons, the Court:

   (1) **GRANTS** the government's motion to dismiss; and

   (2) **GRANTS** plaintiff's motion to proceed *in forma pauperis*.

The Clerk's Office is directed to **ENTER** final judgment in favor of defendant, **DISMISSING** the complaint.  No costs.

   **IT IS SO ORDERED.**

LYDIA KAY GRIGGSBY
Judge